# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID A. LEDOUX<br>4006 Tyler Ryne Trail<br>New Bern, North Carolina 28562 | *<br><br>* | |
| *Plaintiff*, | * | |
| v. | * | Case No. _____ |
| **SUBCOM, LLC**<br>(A Delaware Limited Liability Company)<br>F/K/A TYCO ELECTRONICS SUBSEA<br>COMMUNICATIONS, LLC<br>412 Mt. Kemble Avenue, #1005<br>Morristown, New Jersey 07960<br>    **Serve On (Resident Agent):**<br>CSC-Lawyers Incorporating Service<br>1 St. Paul Street, Suite 820<br>Baltimore, Maryland 21020 | *<br><br>*<br><br>*<br><br>*<br><br>* | |
| and, | *<br>* | |
| **TRANSOCEANIC CABLE SHIP<br>COMPANY LLC.**<br>(A Delaware Limited Liability Company)<br>412 Mt. Kemble Avenue, #1005<br>Morristown, New Jersey 07960<br>    **Serve On (Resident Agent):**<br>CSC-Lawyers Incorporating Service<br>1 St. Paul Street, Suite 820<br>Baltimore, Maryland 21020 | *<br><br>*<br><br>*<br><br>* | |
| and | *<br>* | |
| **T.E. CONNECTIVITY CORPORATION**<br>(A Pennsylvania Corporation)<br>470 Friendship Road<br>Harrisburg, PA 17111-1203<br>    *Doing Business As:*<br>**C.S. TYCO RELIANCE, INC.**<br>(A Marshall Islands Corporation)<br>1001 E. McComas Street<br>Baltimore, Maryland 21202 | *<br><br>*<br><br>*<br><br>* | |

| | |
|---|---|
| **Serve On (Resident Agent):** | * |
| CSC-Lawyers Incorporating Service | |
| 1 St. Paul Street, Suite 820 | * |
| Baltimore, Maryland 21020 | |
| | * |
| *Defendants*. | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**COMES NOW**, David A. Ledoux, Plaintiff, by and through undersigned counsel, and files his Complaint against the above-named Defendants, and states as follows:

### SUBJECT MATTER JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the subject matter jurisdiction of this Honorable Court under 28 U.S.C. §1333 and requests a bench trial.

2. Plaintiff also invokes the subject matter jurisdiction of this Court pursuant to the Merchant Marine Act of 1920, commonly known as the Jones Act, 46 U.S.C. § 30104, et. seq. and the general maritime law of U.S.

### APPLICABLE LAW

3. This action arises and is governed by the General Maritime Law of the United States; the Merchant Marine Act of 1920, commonly known as the Jones Act, 46 U.S.C. §30104, et. seq.; and other laws and regulations supplementary and amendatory thereto.

### PARTIES

4. Plaintiff is a resident of North Carolina.  At all times relevant to this Complaint, Plaintiff David A. Ledoux was an employee of Defendants SubCom and T.E. Connectivity Corporation and held the job title of Captain. Plaintiff Captained the cable-laying vessel M/V Reliance at all times relevant to this Complaint.  M/V RELIANCE was owned and operated by Defendants.

5.  Defendant Subcom, LLC ("Subcom") F/K/A, A/K/A Tyco Electronics Subsea Communications, LLC is a Limited Liability Company organized and existing under the laws the State of Delaware with a principal place of business in New Jersey, doing business at 1001 E McComas St., Baltimore, MD, and was the owner, owner *pro hac vice*, and/or operator of M/V RELIANCE, a cable laying vessel assigned U.S. Coast Guard Official Number 9236494.

6.  Defendant Transoceanic Cable Ship Company, LLC is a Limited Liability Company organized and existing under the laws the State of Delaware with a principal place of business in New Jersey, doing business at 1001 E McComas St., Baltimore, MD, and was the owner, owner *pro hac vice*, and/or operator of M/V RELIANCE, a cable laying vessel assigned U.S. Coast Guard Official Number 9236494.

7.  Defendant T.E. Connectivity Corporation, doing business as C.S. Tyco Reliance, Incorporated is a corporation organized and existing under the laws the State of Pennsylvania, with a principal place of business in New Jersey, and doing business at 1001 E McComas St., Baltimore, MD.  T.E. Connectivity Corporation was the owner, owner *pro hac vice*, and/or operator of M/V RELIANCE, a cable laying vessel assigned U.S. Coast Guard Official Number 9236494.

**FACTS**

8.  The Defendants hired Plaintiff as Defendants hired Plaintiff to serve as captain of M/V RELIANCE.  At the time of the below-described incident, Defendants employed Plaintiff as a seaman aboard the M/V RELIANCE.

9.  In his capacity as a seaman, Plaintiff contributed to the mission and function of the M/V RELIANCE.

10. In his capacity as a seaman, Plaintiff was essentially permanently connected to a vessel or an identifiable fleet of vessels.

3

11. In late September 2022, Defendants' agent, Ben Line Agencies- Singapore, instructed Plaintiff to anchor M/V RELIANCE fifty-one (51) nautical miles off of the coast of Indonesia at position 01-34.9 degrees North by 105-20.3 degrees East.

12. On September 30, 2022, Plaintiff, in accordance with the instructions of Defendants' agent, anchored M/V RELIANCE fifty-one (51) nautical miles off of the coast of Indonesia.

13. Unknown to Plaintiff, Protection and Indemnity Clubs, had issued warnings to vessel owners and operators, including Defendants about the Indonesian Navy unlawfully detaining vessels and seaman off of its coast.

14. Defendants, and their agents, failed to provide Plaintiff with notice or copies of these warnings.

15. Had Defendants provided Plaintiff with copies of these warnings, he would not have anchored M/V RELIANCE in the location as instructed by Defendants and their agent.

16. On October 2, 2022, M/V RELIANCE was boarded by armed Indonesian Navy personnel armed with military weapons and told by Indonesian Navy personnel that the vessel was illegally anchored in Indonesian waters.

17. The Indonesian Navy personnel ordered Plaintiff to move M/V RELIANCE closer to Batam, Indonesia and anchor in Batam Harbor under the claim that the vessel would be inspected for seaworthiness.

18. Once M/V RELIANCE was anchored in Batam Harbor, the Indonesian Navy personnel ordered Plaintiff to disembark from the vessel and go ashore in Batam for questioning.

19. Plaintiff was subsequently arrested in Batam by the Indonesian Navy for an alleged violation of the United Nations Convention on the Law of the Sea ("UNCLOS") and allegedly anchoring illegally and jailed.

20. As a direct result of Defendants' failure to warn, Plaintiff spent twenty-one (21) days in an Indonesian jail under horrible conditions.

21. While he was in an Indonesian jail under horrible conditions, Plaintiff was assaulted and suffered physical injuries as a result of the assault.

22. Plaintiff also suffered additional physical injuries while in the Indonesian jail, including extreme weight loss, burns, severe diarrhea from the unclean food, water and stress, major stomach and body cramps, constant insect bites, back, arm and leg pain, exposure to mosquitoes, roaches and other insects, lack of sleep, mental anguish, and PTSD.

23. Plaintiff was forced to live in horrible conditions in the jail.

24. As a result of this incident, Plaintiff has and is expected to experience permanent physical limitations, pain and suffering, sleep issues emotional distress and loss of enjoyment of life for the rest of his life.

## CLAIMS

### FIRST CLAIM FOR RELIEF
### (JONES ACT NEGLIGENCE)

25. Plaintiff restates and realleges each and every allegation contained in the above numbered paragraphs 1 through 24.

26. The negligence of Defendants, their agents, servants, or employees, acting individually or concurrently caused Plaintiff's injuries in the following respects:

    a. failing to provide assistance to Plaintiff enabling him to complete his assigned duties in a safe manner;

      b.      failing to provide Plaintiff with a safe place to work;

      c.      failing to warn Plaintiff of a dangerous condition and the Indonesian Navy's actions with other vessels;

      d.      failing to provide information to Plaintiff enabling him to work in a safe manner;

      e.      failing to properly hire a competent steamship agent;

      f.      hiring a corrupt steamship agent;

      g.      allowing M/V RELIANCE to anchor in the location it was anchored at the time the Indonesian Navy arrested the vessel;

      h.      failing to make sure its agent provided the crew of M/V RELIANCE with a safe location to anchor;

      i.      failing to prevent Plaintiff from being arrested;

      j.      placing Plaintiff in an unsafe position that resulted in his arrest;

      k.      failing to provide the crew of M/V RELIANCE with a safe location to anchor; and

      l.      other acts of negligence that will be shown at trial of this matter.

27.    As a direct result of Defendants' omissions and commissions, Plaintiff – who remains under the care and treatment of his physician as of the date of this action – sustained and will continue to sustain economic loss, physical injuries, emotional distress, PTSD, which all will be shown more fully at the trial of this matter.

28.    In addition, Plaintiff sustained the following compensable elements of damages as a result of this negligence:

      a.      loss of wages;
      b.      loss of wage-earning capacity;

    c.    past and future medical expenses;
    d.    loss of fair market value of household services;
    e.    pain and suffering;
    f.    mental anguish;
    g.    permanent impairment to his person;
    h.    scarring;
    i.    PTSD; and
    j.    loss of enjoyment of life.

**WHEREFORE**, based on the foregoing, Plaintiff prays:

29. That his Complaint be deemed good and sufficient.

30. That process and due form of law, according to the practice of this Honorable Court, issue against Defendants, citing them to appear and answer under oath, all and singular the allegations of aforesaid.

31. That Plaintiff may have judgment in his favor against Defendant for such amount as this Court may deem appropriate for all legal and allowable damages arising out of his serious injuries, plus pre-judgment interest, and costs of this action, which exceed $75,000.00.

32. That all expert fees be taxed as costs; and

33. That this Honorable Court grant Plaintiff such and other and further relief, general and equitable relief that the justice in this cause may require, and to which he may otherwise be entitled.

## SECOND CLAIM FOR RELIEF
### (UNSEAWORTHINESS)

34. Plaintiff restates and realleges each and every allegation contained in the above numbered paragraphs 1 through 33.

35. At and before the time of the incident, Defendants owed to Plaintiff an absolute and non-delegable duty to provide him with a vessel which was in all respects seaworthy.

36. M/V RELIANCE, and the methods, practices, and procedures relating to its operation were unseaworthy in the following respects:

7

    a.    the vessel did not have proper procedures for being informed about P&I Club warnings and warnings issued by other entities concerning anchoring off of the coast of Indonesia;

    b.    the vessel's steamship agent was incompetent and improperly trained;

    c.    hiring a corrupt steamship agent;

    d.    the vessel did not have the proper information to permit Plaintiff to safely work on it; and

    e.    other conditions of unseaworthiness which will appear more fully at the trial of this cause.

37.    The above-described unseaworthiness caused and/or played a substantial part in causing the injuries described above and the injuries were either a direct result or a reasonably probable consequence of the unseaworthiness.

38.    Alternatively, the above-described conditions of unseaworthiness concurred with the above-described act(s) of Jones Act negligence and/or the aforementioned general maritime law negligence as the proximate cause of Plaintiff's injuries.

39.    As a direct result of the accident and unseaworthy condition of the Vessel, Plaintiff – who remains under the care and treatment of his physician as of the date of this action – sustained and will continue to sustain economic loss, physical injuries, emotional distress, PTSD, which all will be shown more fully at the trial of this matter.

40.    In addition, Plaintiff, due to the Vessel's unseaworthy condition, has sustained the following compensable elements of damage:

    a.    loss of wages;
    b.    loss of wage-earning capacity;
    c.    past and future medical expenses;
    d.    loss of fair market value of household services;

    e. pain and suffering;
    f. mental anguish;
    g. permanent impairment to his person;
    h. scarring;
    i. loss of enjoyment of life;
    j. PTSD; and
    k. other damages to be shown at trial.

**WHEREFORE**, based on the foregoing, Plaintiff prays:

41. That his Complaint be deemed good and sufficient.

42. That process and due form of law, according to the practice of this Honorable Court, issue against Defendants, citing them to appear and answer under oath, all and singular the allegations of aforesaid.

43. That Plaintiff may have judgment in his favor against Defendant for such amount as this Court may deem appropriate for all legal and allowable damages arising out of his serious injuries, plus pre-judgment interest, and costs of this action, which exceed $75,000.00.

44. That all expert fees be taxed as costs; and

45. That this Honorable Court grant Plaintiff such and other and further relief, general and equitable relief that the justice in this cause may require, and to which he may otherwise be entitled.

### THIRD CLAIM FOR RELIEF
### (GENERAL MARITIME NEGLIGENCE)

46. Plaintiff restates and realleges each and every allegation contained in the above numbered paragraphs 1 through 45.

47. The negligence of Defendants, and their agents, servants, or employees, acting individually or concurrently caused Plaintiff's injuries in the following respects:

failing to provide assistance to Plaintiff enabling him to complete his assigned duties in a safe manner;

      a. failing to provide Plaintiff with a safe place to work;

      b. failing to warn Plaintiff of a dangerous condition and the Indonesian Navy's actions with other vessels;

      c. failing to provide information to Plaintiff enabling him to work in a safe manner;

      d. failing to properly hire a competent steamship agent;

      e. allowing M/V RELIANCE to anchor in the location it was anchored at the time the Indonesian Navy arrested the vessel;

      f. failing to make sure its agent provided the crew of M/V RELIANCE with a safe location to anchor;

      g. failing to prevent Plaintiff from being arrested;

      h. placing Plaintiff in an unsafe position which resulted in his arrest;

      i. hiring a corrupt steamship agent;

      j. failing to provide the crew of M/V RELIANCE with a safe location to anchor; and

      k. other acts of negligence that will be shown at trial of this matter.

48. As a direct result of Defendants' actions, Plaintiff – who remains under the care and treatment of his physician as of the date of this action – sustained and will continue to sustain economic loss, physical injuries, emotional distress, PTSD, which all will be shown more fully at the trial of this matter.

49. In addition, Plaintiff, due to the Defendants' negligence, has sustained the following compensable elements of damage:

          a. loss of wages;
          b. loss of wage-earning capacity;
          c. past and future medical expenses;
          d. loss of fair market value of household services;
          e. pain and suffering;
          f. mental anguish;

  g.  permanent impairment to his person;
  h.  scarring;
  i.  loss of enjoyment of life;
  j.  PTSD; and
  k.  other damages to be shown at trial.

## PRAYER

**WHEREFORE**, based on the foregoing, Plaintiff prays:

50. That his Complaint be deemed good and sufficient;

51. That process and due form of law, according to the practice of this Honorable Court, issue against Defendants, citing them to appear and answer under oath, all and singular the allegations of aforesaid;

52. That Plaintiff may have judgment in his favor against Defendant for such amount as this Court may deem appropriate for all legal and allowable damages arising out of his serious injuries, plus pre-judgment interest, and costs of this action, which exceed $75,000.00;

53. That all expert fees be taxed as costs; and

54. That this Honorable Court grant Plaintiff such and other and further relief, general and equitable relief that the justice in this cause may require, and to which he may otherwise be entitled.

    Respectfully submitted,

    **Murphy, Falcon & Murphy, P.A.**

    */s/ Nicholas A. Szokoly*
    Nicholas A. Szokoly (Bar No. 28157)
    1 South Street, 30th Floor
    Baltimore, Maryland 21202
    Telephone: (410) 951-8744
    Facsimile: (410) 539-6599
    Email: nick.szokoly@murphyfalcon.com

>S. Scott Bluestein (*Pro hac vice* forthcoming)
>**Bluestein Law Firm, P.A.**
>1040 eWall Street
>Mount Pleasant, SC 29464
>Telephone: (843) 577-3092
>Facsimile: (843) 577-3093
>Email: Scott@boatinglaw.us
>
>*Attorneys For Plaintiff*